[No. 1485.]

THE STATE OF NEVADA, RESPONDENT, *v.* THE VIR-
GINIA AND TRUCKEE RAILROAD COMPANY, A
CORPORATION, ET AL., APPELLANTS.

TAXATION—ASSESSMENT OF RAILROAD PROPERTY—NET INCOME TO GOVERN.—
The value of this railroad, for the purpose of taxation for the year
1895, must be determined mainly by its net earnings capitalized at
current rates of interest, taking into consideration any immediate
prospect for an increase or decrease in the earning capacity of the
road. (*State* v. *V. & T. R. R. Co.*, 23 Nev. 283, affirmed.)

IDEM—EVIDENCE—NO SUBSTANTIAL CONFLICT OF—NOT SUFFICIENT TO SUP-
PORT VERDICT.—Where the only evidence in support of a verdict is
that of the deputy assessor, and it is shown that he has no knowl-
edge of the business of the road, had not examined the reports of
the company filed in accordance with law, and that, if he had
known of a decrease in the earnings of the road, it would not have
influenced his valuation upon it, such evidence is insufficient to
create a substantial conflict in the evidence where the undisputed
facts were that, according to the correct method of valuation, the
assessment was too high.

IDEM—TAX SUIT—DEFENSE OF OVER-VALUATION—COMPETENT AND INCOM-
PETENT EVIDENCE—VERDICT WHEN WILL BE SET ASIDE.—Under the
act of 1895 (Stats. 1895, p. 39), amending the revenue act, allowing
defendants to plead as a defense "that the assessment is out of
proportion to, and above the actual cash value of the property
assessed," where the defendant introduces competent evidence
showing an over-valuation and the jury by their verdict find the
value as fixed by the officers, without evidence to support it other
than the delinquent list or equalized assessment roll, or the testi-
mony of a witness or witnesses not qualified to testify under the
well-established rules of evidence as to the value, this court must
set aside such verdict. (Concurring opinion of BONNIFIELD, J.)

APPEAL from the District Court of the State of Nevada,
Storey county; *C. E. Mack*, District Judge:

Action by the State against the Virginia and Truckee
Railroad Company to recover the taxes as assessed on its
property in Storey county for the year 1895. From a judg-
ment for plaintiff and an order denying a new trial, defend-
ant appeals. Reversed.

The facts sufficiently appear in the opinion.

*W. E. F. Deal*, for Appellant:

I. It is the established law in this state, so far as the
assessment of railroad property for the purpose of taxation
is concerned, as laid down by the supreme court again and

again, that "to determine the value of a railroad then, the
very first inquiry is as to its actual cost. The. *prima facie* is
its value. But if it appears that the actual cost was in excess
of the necessary cost, the necessary cost is its proper stand-
ard. If it further appears that the net income of the road
does not amount to current rates of interest on its necessary
cost, and is not likely to do so, or if the business of the road
is likely to be destroyed or impaired by competition, or other
cause, or, in short, if the utility of the road is not equal to
its cost, then its value is less than its cost and must be
determined by reference to its utility alone." (*State* v. *C. P.
R. R. Co.*, 10 Nev. 47; *State* v. *V. & T. R. R. Co.*, 23 Nev. 283.)

II. The assessment was made by the deputy county
assessor. He was without any actual knowledge of the value
of railroads, and was neither a railroad man, mechanic or
engineer, and without any actual experience with railroads.
He neither knew nor made any inquiry about the business
of the company in making the assessment for the year 1895,
and did not know what the receipts or expenditures of the
defendant were in its business in that year, nor in previous
years, and swears that it would not have made any difference
in his assessment if he had known these matters, and that
he fixed the value of the road upon what it had done and
what it might do. His testimony showed that business was
so bad in Storey county that no one's business was profitable,
and that he knew of no business he would recommend any
one to go into, and finally admitted that his beliefs as to the
business of the county were founded upon speculation. It is
upon such evidence as this that respondent seeks to sustain
the verdict and judgment in this case.

*James R. Judge*, Attorney-General, *F. P. Langan*, ex-District
Attorney, *Langan & Knight*, *Geo. N. Noel*, District Attorney,
and *F. M. Huffaker*, for Respondent:

I. In the case of *State* v. *V. & T. R. R. Co.*, 23 Nev. 283,
recently decided in this court, it is said that, while the gen-
eral rule is that, where there is a conflict in the evidence and
a jury rendered a verdict thereon, this court will not disturb
such verdict, but that this rule demands that such conflict
must be material, and in that case, for the reason there was

no material conflict in the evidence concerning the cash value of the Virginia and Truckee Railroad Company, and further that, from all the evidence, it appeared the valuation placed upon the road by the assessor was excessive, the verdict was set aside. In this particular we distinguish the case at bar from the Washoe county case.

II. We contend there is a substantial and material conflict in the evidence in the case at bar as to the cash value of the property in controversy. The evidence on the part of appellants as to the cash value of the railroad given by D. A. Bender, general passenger and freight agent of appellant, who therefore may be considered an interested witness, is directly controverted by W. G. Thompson, a disinterested witness, whose long acquaintance with the property and business affairs of Storey county gave him at least an equal opportunity with Mr. Bender of acquiring a knowledge that would render him competent to correctly value the railroad.

III. Counsel contends that the admission of evidence as to an arrangement between the superintendent and assessor, fixing the value of the road in 1893, was error. He objected that such evidence is inadmissible for any purpose, and asserts that this witness could not have testified at all had he not been the officer making the assessment, and relies upon the language of this court in the Washoe county case, to wit: "It appeared, however, that he had no special knowledge of the value of a railroad, nor was he any better qualified to testify to the value of one than almost any other man in the community." Counsel evidently intends this to go to the extent that none but a railroad man can have any idea of the value of a railroad; that the interested railroad men only are competent witnesses in matters of this kind. We submit that this court never intended such construction should be put upon the language.

IV. Such statements from the superintendent of a railroad justify the assessor to adopt them, if he deems them correct and the corporation is bound. (*People* v. *Stockton R. R. Co.*, 49 Cal. 414.)

V. If the deputy assessor had prosecuted an investigation or inquiry as to the change of conditions between 1894 and 1895, he would have discovered that the earnings of the rail-

road for the year 1895 were $27,449 53 greater than the earnings of 1894, and, according to appellant's principal contention in this case—the fact that the earnings were nearly 400 per cent greater in 1895 than in 1894—the deputy assessor would have been justified in increasing the valuation of said property in 1895 proportionately to the increase of the earnings. Counsel, in objecting to the alleged failure of the deputy assessor to prosecute an investigation and inquiry in 1895 as to the change of conditions, is objecting to an act which could only benefit appellants.

By the Court, BELKNAP, C. J.:

This is an action to recover taxes due for the year 1895, amounting to the sum of $6,353 50, together with penalties and costs.

Defendant valued its railroad in Storey county at $70,787, and delivered to the assessor the statutory statement to that effect. The officer declined to accept the valuation, but assessed it at the sum of $127,070. The board of equalization sustained the officer, and in due time this action was commenced. At the trial a verdict was rendered in favor of the state for $6,353 50, together with penalties and costs. From the judgment and an order refusing a new trial, the defendant appeals.

In the case of *State* v. *V. & T. R. R. Co. et al.*, 23 Nev. 283, it was decided that the value of this railroad for the purposes of taxation for the year 1895 must be determined mainly by its net earnings capitalized at the current rates of interest, taking into consideration any immediate prospect for an increase or decrease in the earning capacity of the road.

In that case the only evidence to support the verdict was that of the assessor. He testified that in his judgment the railroad in Washoe county was worth the amount assessed. It was shown that he had no knowledge of the business of the road; that he had not examined the reports of the company filed in compliance with law in the office of the secretary of state, and that if he had known of any decrease of its earnings, that fact would not have influenced his valuation of the property. It was held that this evidence was

insufficient to create a substantial conflict in the evidence when the undisputed facts were that, according to the correct method of valution, the assessment was too high.

That case is sought to be distinguished from this, upon the ground that in this case there is a substantial conflict in the testimony, and therefore this judgment should be affirmed.

In this case the only witness upon the part of the state touching valuation was the deputy assessor. His testimony was substantially the same as that of the assessor in the case from Washoe county.

Some testimony was introduced tending to show that the superintendent of defendant had admitted the correctness of an assessment made in the year 1893, but it was also shown that in that year the business of the road was exceptionally prosperous, the yearly statement made June 30th showing $102,341 50 as net earnings.

We are unable to make any distinction in principle in the respect mentioned between the cases. The remaining portion of the testimony is substantially the same in each case.

It was shown that the net earnings for the year 1895 were $27,449 53. That sum capitalized at 8 per cent, the rate of interest fixed by the undisputed testimony, represents $343,-119 12 as the value of the entire road.

The valuation fixed by the assessor cannot be upheld, and the case must be reversed for the reasons given in *State* v. *V. & T. R. R. Co.,* 23 Nev. 283.

It is so ordered.

MASSEY, J.: I concur.

BONNIFIELD, J., concurring:

I concur in the opinion of the court, as expressed by Chief Justice BELKNAP, that the judgment of the court below must be reversed for the reasons given and under the authority cited. The statute of 1895, 39, amends the general revenue law, and by the amendment defendants in tax suits are allowed to plead as a defense, among others, "that the assessment is out of proportion to, and above the actual cash value of the property assessed." Before this amendment such defense could not be pleaded and the value of the assessed property, as fixed by the assessor and board of

equalization, could not be set aside, except upon the plea and proof of fraud in the assessment, and the delinquent list was sufficient evidence to sustain the valuation so fixed. Under the statute of 1895, when the defendant introduces competent evidence showing an over-valuation, and the jury by their verdict find the value as fixed by the officers without evidence to support it, other than the delinquent list, or equalized assessment roll, or the testimony of a witness or witnesses not qualified to testify under the well-established rules of evidence as to the value, this court must set aside such verdict, or ignore such defense and the statute which authorizes it. This court has no right to disregard an act of the legislature except upon constitutional grounds.